IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RAYMOND ALEXANDER SIMMS,**

    **Plaintiff,**

v.                    //        CIVIL ACTION NO. 1:11CV173
                                                     (Judge Keeley)

**ZACK CURRENCE, R. EVANS,
O.R. CARTWRIGHT, V. LANCE,
E. ROFF, and J. MEADOWS,**

    **Defendants.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On November 2, 2011, the pro se plaintiff, inmate Raymond Alexander Simms ("Simms"), filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against the defendants, Zack Currence, R. Evans, O.R. Cartwright, V. Lance, E. Roff, and J. Meadows (collectively "the defendants"). (Dkt. Nos. 1, 15). The Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with LR PL P 2. On February 21, 2013, the only defendant served in this action, Zack Currence ("Currence"), filed a Motion for Summary Judgment. (Dkt. No. 61).[1]  Although the Magistrate Judge issued a Roseboro notice to Simms on February 27, 2013 (dkt.

---

[1] The Court notes that the summons for Zack Currence was returned as executed on May 22, 2012. (Dkt. No. 19). However, on May 22, 2012, the United States Marshal Service returned service unexecuted on the remaining five (5) defendants. On July 26, 2012, Magistrate Judge Kaull entered an Order directing Simms to provide updated addresses and/or proper names for these defendants within twenty-one (21) days. (Dkt. No. 29). The order specifically provided that "failure to do so in the allotted time could result in the dismissal of those defendants from this action without further notice." Id.

**SIMMS v. CURRENCE, ET AL.**                                   **1:11CV87**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

no. 64), he filed no response.

On May 15, 2013, Magistrate Judge Kaull issued an Opinion and Report and Recommendation ("R&R"), in which he recommended that Currence's motion for summary judgment be granted and Simms' complaint be dismissed without prejudice as to Currence for failure to exhaust administrative remedies and dismissed as moot to the extent it seeks injunctive relief. (Dkt. No. 67). The magistrate judge further recommended that the plaintiff's complaint as against R. Evans, O.R. Cartwright, V. Lance, E. Roff, and J. Meadows be dismissed without prejudice for failure to obtain service. Id.

The R&R also specifically warned Simms that his failure to object to the recommendation within fourteen (14) days of service would result in the waiver of any appellate rights he might otherwise have on these issues. Although the record reflects that Simms' correctional center accepted service of the R&R on May 17, 2013, he has not filed any objections.[2] Consequently, finding no clear error, the Court:

1.   **ADOPTS** the Report and Recommendation in its entirety (dkt. no. 67);

2.   **GRANTS** Currence's motion for summary judgment (dkt. no.

---

[2] The failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).

2

**SIMMS v. CURRENCE, ET AL.** 1:11CV87

ORDER ADOPTING REPORT AND RECOMMENDATION

61);

3. **DISMISSES AS MOOT** the plaintiff's request for injunctive relief;

4. **DISMISSES WITHOUT PREJUDICE** the defendants Currence, R. Evans, O.R. Cartwright, V. Lance, E. Roff, and J. Meadows; and

5. **ORDERS** that this case be **DISMISSED WITHOUT PREJUDICE** and **STRICKEN** from the docket of this Court.

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

Dated: June 7, 2013.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE